IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Pavel Gigov, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 1:21-cv-00692 |
| | § | |
| New York Hospitality Joint Venture d/b/a | § | |
| Days Inn by Wyndham Austin South, | § | |
| Piyush Parikh and Vishal Dave | § | |

**AMENDED COMPLAINT**

Pavel Gigov files this Complaint against New York Hospitality Joint Venture d/b/a Days Inn by Wyndham Austin South, Piyush Parikh and Vishal Dave as follows:

## I. PARTIES

1. Pavel Gigov ("Gigov" is an individual residing in Chicago, Illinois.

2. New York Hospitality Joint Venture d/b/a/ Days Inn by Wyndham Austin South ("Days Inn") is a partnership whose principal place of business is in the Western District of Texas at 4220 S IH 35 Frontage Rd., Austin, TX 78745.

3. Piyush Parikh "Parikh" is an individual and the general partner of Days Inn whose residence for venue purposes is in the Western District of Texas.

4. Vishal Dave "Dave" is an individual who resides in the Western District of Texas and whose place of employment is at 4220 S IH 35 Frontage Rd., Austin, TX 78745.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 2 U.S.C. §§ 12133 because the claims herein are based in part on the private cause of action granted in 42 U.S.C. 42 U.S.C. §12188 and therefore arise under the laws of the United States.

6. Venue is proper in this Division and District pursuant to 28 U.S.C. §1391(b)(2) because the events or omissions giving rise to the claims alleged in this Complaint occurred and are occurring in this district in Austin, Texas, and the Defendants are located for venue purposes in Austin, Texas.

## III. FACTS

7. Mr. Gigov is a qualified individual with a disability within the meaning of the 42 U.S.C. §§12102 and 12131(2) and 28 C.F.R. §35.104 and Section 121.002(4) of the Texas Human Resources Code. He suffers from Type 1 Diabetes and has a specially trained service dog who assists him by alerting him to low blood glucose. On November 2, 2019 he had traveled to Austin, Texas with his girlfriend. He made a reservation for a non-smoking room at Days Inn by Wyndham Austin South.

8. When Mr. Gigov arrived he discussed his service dog with Dave, who is the general manager of Days Inn. Dave clearly understood the dog was a service dog and agreed to waive the usual pet fee. Dave told Mr. Gigov no room was available at the time but that a room would be ready for him that evening.

9. When Mr. Gigov returned in the evening he was given a smoking room rather than the non-smoking room he had requested. When he complained to the clerk on duty he was told to call Dave, which he did.

10. Dave told Gigov that he was given a smoking room because of his dog and that as a matter of policy animals were usually assigned to smoking rooms because they smelled and he doesn't like dogs.

11. Mr. Gigov explained that for health and other reasons he could not stay in a smoking room. He also explained that refusing to honor his reservation for a non-smoking room because he was disabled and had a service animal was a violation of the law. Dave was unmoved and refused

to either give him a non-smoking room or help him in finding a non-smoking room in another hotel.

12.     When Mr. Gigov expressed his belief that the hotel should have a staff person on-site who understood the Hotel's obligations under the ADA, Dave became angry and ordered Mr. Gigov to leave the property. Mr. Gigov, who will not stay in smoking rooms because of the health risks and was clearly unwelcome because of his disability, sought lodging elsewhere.

13.     Mr. Gigov travels often and would again visit Austin, Texas and stay at the Days Inn but for his knowledge that Defendants discriminate against those with disabilities.

14.     Mr. Gigov suffered a direct financial loss as a result of having to seek lodging elsewhere. In addition, Mr. Gigov suffered from embarrassment and humiliation because he was unable to easily find a room while traveling with his girlfriend.

15.     Mr. Gigov has hired the undersigned attorneys to represent him and agreed to pay a reasonable fee for their services.

16.     Every condition precedent to the filing of this Complaint has occurred.

**IV.    Count One – Violation of the Americans with Disabilities Act**

17.     Days Inn is a place of public accommodation as defined in 42 U.S.C. §12181(7)(a).

18.     Days Inn and Dave discriminated against Mr. Gigov because of his disability in violation of 42 U.S.C. §12182 subsections (a), (b)(1)(A)(i), (b)(1)(D), (b)(2)(A)(i), and (b)(2)(A)(ii)

19.     Parikh is liable as the general partner of Days Inn for the discrimination in which it engaged. In addition, on information and belief, Parikh is individually responsible for the policy against allowing any animal, including service animals, in non-smoking rooms.

20.     Pursuant to 42 U.S.C. §12188(a)(1) Mr. Gigov is entitled to all the remedies available under 42 U.S.C. §2000a-3(a), including injunctive relief and attorneys' fees.

## V.   Count Two – Violation of the Texas Human Resources Code

21.   Days Inn is a "public facility" as defined in Section 121.002(5) of the Texas Human Resources Code.

22.   Days Inn and Dave discriminated against Mr. Gigov because of his disability in violation of Section 121.003 of the Texas Human Resources Code.

23.   Parikh is liable as the general partner of Days Inn for the discrimination in which it engaged. In addition, on information and belief, Parikh is individually responsible for the policy against allowing any animal, including service animals, in non-smoking rooms.

24.   Mr. Gigov is entitled to maintain an action for damages against Defendants pursuant to Section 121.004 of the Texas Human Resources Code.

## VI.   Prayer

25.   Based on the foregoing, Mr. Gigov requests that the Court grant the following relief:

   a. A permanent injunction requiring Defendants to adopt and implement a policy forbidding discrimination against those with disabilities, and in particular guaranteeing the individuals with service animals are given rooms of the same kind given to non-disabled individuals,

   b. Actual damages based on his economic and non-economic losses,

   c. Punitive damages,

   d. His reasonable and necessary attorneys' fees incurred in bringing this action, and

   e. His costs of court and such other and further relief as to which he may show himself justly entitled.

Dated August 11, 2021.

Richard M. Hunt
Texas State Bar No. 10288700
rhunt@hunthuey.com

HUNT HUEY PLLC
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Telephone: (214) 641-9182
Facsimile: (214) 279-6124

ATTORNEYS FOR THE PLAINTIFFS