IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Pavel Gigov, | § § § § § § § § § | |
| Plaintiff | | |
| v. | | Case No. 1:21-cv-00692 |
| Piyush Parikh and Vishal Dave | | |

**MOTION FOR DEFAULT JUDGMENT**

Pavel Gigov moves for a default judgment against Defendants Piyush Parikh and Vishal Dave as follows:

1. Defendants Parikh and Dave failed to appear or answer within the time required by law and the Clerk entered default against each of them on December 28, 2021. [Dkt. 20 and 21].

2. By their default Parikh and Dave admitted liability for the claims in the Amended Complaint filed on August 11, 2021 [Dkt. 2]. See, *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ["It is universally understood that a default operates as a deemed admission of liability."] Thus, only damages, costs and attorneys' fees remain to be determined before the entry of judgment.

3. The Declaration of Pavel Gigov establishes that his damages consist of $2059.75 in out-of-pocket expenses plus $100,000 in recoverable damages for mental and emotional distress caused by the misconduct of the Defendants, for a total of $102,059.75. Those damages are recoverable under Section 121.004 of the Texas Human Resources Code, which provides:

> A person, including a firm, association, corporation, or other public or private organization, or the agent of the person, who violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties. Subject to Section 121.0041, if applicable, the person with a disability deprived of his or her civil liberties may maintain an action for damages in a court of competent jurisdiction, and there is a conclusive presumption of damages in the amount of at least $300 to the person with a disability.

Compensatory damages are available for humiliation and emotional distress. The Supreme Court observed in *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) that:

> compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as "impairment of reputation ..., personal humiliation, and mental anguish and suffering."

(emphasis added). "Humiliation and insult are recognized, recoverable harms." *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir. 1999). "Humiliation can be inferred from the circumstances as well as established by the testimony." *Seaton v. Sky Realty Co., Inc.*, 491 F.2d 634, 636 (7th Cir. 1974).

4. The Gigov declaration also establishes that he incurred costs of court consisting of $400 in filing fees plus $520 in service of process fees, for a total of $920.00.

5. The affidavit on file as part of Gigov's Motion for Substituted Service establishes that the defendant Vishal Dave is employed in the hospitality industry at the same location as the Days Inn at which he discriminated against Mr. Gigov – 4220 S IH 35 Frontage Road, Austin, Texas 78745 [Dkt. 7, Exhibit 1]. There is therefore a risk that the discriminatory conduct that is the subject of this lawsuit will be repeated in the future, justifying injunctive relief under 42 U.S.C. §12188(a)(1) and 42 U.S.C. §2000a-3(a). In addition, Dave and Parikh have admitted by their default that such relief is warranted.

6. The Declaration of Richard M. Hunt establishes that a reasonable and necessary attorneys' fee for the prosecution of the claims in the Amended Complaint is $11,875.00.

## PRAYER

Based on the foregoing, Gigov requests that the Court enter a final default judgment against Dave and Parikh awarding the relief prayed for in his Amended Complaint; that is:

    a. A permanent injunction requiring Dave and Parikh, wherever they may be employed, to adopt and implement a policy forbidding discrimination against those

  with disabilities, and in particular guaranteeing the individuals with service animals are given rooms of the same kind given to non-disabled individuals,

b. Actual damages based on Mr. Gigov's economic and non-economic losses in the amount of $102,059.75.

c. Punitive damages in such amount as the Court may find appropriate

d. Reasonable and necessary attorneys' fees incurred in bringing this action in the amount of $11,875.00, and

e. Costs of court in the amount of $920.00

Along with such other and further relief as to which Mr. Gigov may show himself justly entitled.

  Dated December 31, 2021.

                _____
                Richard M. Hunt
                Texas State Bar No. 10288700
                rhunt@hunthuey.com

                HUNT HUEY PLLC
                3333 Lee Parkway, Suite 600
                Dallas, Texas 75219
                Telephone: (214) 641-9182
                Facsimile: (214) 279-6124

                ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

      After he was served with process the defendant Vishal Dave contacted the undersigned by email and phone. He was advised that he should retain counsel and copies of the Amended Complaint and the Request for Clerks Entry of Default. A copy of this Motion was emailed to the defendant Vishal Dave on the date of its filing using the email address he provided in those earlier communications. No similar information is available for the defendant Piyush Parikh, but Mr. Dave indicated that he was in communication with Mr. Parikh about this matter.

                                                                 Richard M. Hunt