IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
APR 11 2022
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| PAVEL GIGOV, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CAUSE NO. 1:21-CV-692-LY |
| PIYUSH PARIKH AND VISHAL DAVE, | § | |
| | § | |
| DEFENDANTS. | § | |

## DEFAULT JUDGMENT

Before the court in the above-referenced cause is Plaintiff Pavel Gigov's Motion for Default Judgment against Defendants Piyush Parikh and Vishal Dave filed December 31, 2021 (Doc. #22). On January 24, 2022, the court denied Gigov's motion in part with respect to Defendant Vishal Dave, who filed an answer and moved to set aside default judgment on January 3, 2022 (Doc. #27).

Gigov moved for Clerk's Entry of Default against Defendant Piyush Parikh on December 21, 2021 (Doc. #15). The Clerk's Entry of Default against Parikh was filed on December 21, 2021 (Doc. #20). Parikh has failed to file a response to Gigov's motion for default judgment. The court's review of the motion and complaint supports a finding that Parikh is in default.

The Declaration of Pavel Gigov (Attachment 1 to Gigov's motion) establishes that his damages consist of $2,059.75 in out-of-pocket expenses plus $100,000 in damages for mental and emotional distress, for a total of $102,059.75.

Gigov's damages are recoverable under Section 121.004 of the Texas Human Resources Code. Compensatory damages are available for humiliation and emotional distress. The

Supreme Court observed in *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) that:

> compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as "impairment of reputation . . . , personal humiliation, and mental anguish and suffering."

"Humiliation and insult are recognized, recoverable harms." *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir. 1999). "Humiliation can be inferred from the circumstances as well as established by the testimony." *Seaton v. Sky Realty Co., Inc.*, 491 F.2d 634, 636 (7th Cir. 1974).

Gigov's declaration also establishes that he incurred costs of court consisting of $400 in filing fees plus $520 in service of process fees, for a total of $920.00. The Declaration of Richard M. Hunt (Attachment 2 to Gigov's motion) establishes that reasonable and necessary attorney's fees for the prosecution of the claims against Parikh total $11,875.00. Having reviewed the motion, attachments, and complaint, the court renders this final judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that Plaintiff Pavel Gigov's Motion for Default Judgment against Defendants Piyush Parikh and Vishal Dave filed December 31, 2021 (Doc. #22) is **GRANTED IN PART** as follows: Gigov's motion for default judgment against Defendant Piyush Parikh is **GRANTED**. The motion is in all other respects **DENIED**.

**IT IS FURTHER ORDERED** that **FINAL DEFAULT JUDGMENT** is rendered in favor of Plaintiff Pavel Gigov and against Defendant Piyush Parikh.

**IT IS FURTHER ORDERED** that Plaintiff Pavel Gigov have and recover judgment against Defendant Piyush Parikh in the amount of $102,059.75 in actual damages, reasonable and necessary attorney's fees of $11,875.00, and court costs in the amount of $920.00.

**IT IS FINALLY ORDERED** that all of the above shall accrue interest at the rate of 1.67% from the date of this Final Judgment until paid. *See* 28 U.S.C. § 1961.

SIGNED this 11th day of April, 2022.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

3